<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAEUN KIM, | Case No: 19-21564 (SDW) (LDW) |
| Plaintiff, | |
| v. | **OPINION** |
| JOSEPH GIODANO, PRUDENTIAL FINANCIAL, JOHN STRENGFELD, and CAROLINE FEENEY, | June 3, 2020 |
| Defendants, | |

**WIGENTON,** District Judge.

Before this Court are Defendants Joseph Giordano's ("Giordano") and the Prudential Insurance Company of America's ("Prudential," collectively, "Defendants") Motions to Dismiss Plaintiff Kaeun Kim's ("Kim" or "Plaintiff") *pro se* Complaint.[1]  Giordano moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6), while Prudential moves to dismiss the Complaint pursuant to Rule 12(b)(6). (D.E. 10, 11.)  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 as to the claims against Defendants Prudential, John Strangfeld ("Strangfeld"), and Caroline Feeney ("Feeney," collectively, "Prudential Defendants"), but is challenged as to the claims against Giordano.  Venue is proper pursuant to 28 U.S.C. § 1391(b).  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated below, Defendants' motions are **GRANTED**.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

---

[1] The Complaint erroneously lists Giordano as "Giodano," Prudential as "Prudential Financial," and Defendant John Strangfeld as "Strengfeld."  This Opinion will use these parties' proper names.

Plaintiff is a former employee of Defendant Prudential. (D.E. 1 at 3.) He was terminated on April 12, 2018, and the next morning, he visited Prudential's office in Newark, New Jersey to see Defendant Strangfeld, Prudential's CEO. (*Id.* at 3, D.E. 1-1 at 8.) Upon later attempting to exit the building, Prudential security "arrested" him and sent him to the Newark Police. (D.E. 1 at 3.) On April 17, 2018, Prudential, through Strangfeld and Defendant Feeney, a Senior Vice President at Prudential, reported Plaintiff to the Essex County Prosecutor's Office ("ECPO"). (*Id.*) Plaintiff was indicted on August 31, 2018, for two counts of fourth degree stalking in the Superior Court of New Jersey, Essex County ("Superior Court") for his alleged conduct on April 13 and 17, 2018, and this prosecution appears to be pending ("Superior Court Action"). (*Id.*; D.E. 1-1 at 1-4, 8.)[2] Defendant Giordano was the prosecutor for the ECPO in the Superior Court Action. (*See* D.E. 1-1 at 3, 13.)[3] He allegedly "indicted [Plaintiff] maliciously" and has not "disclos[ed] the original surveillance videos" during the pendency of the prosecution. (D.E. 1 at 3.)

Plaintiff filed the instant *pro se* Complaint on December 19, 2019, alleging that he was wrongfully and maliciously arrested and prosecuted. (D.E. 1 at 4.)[4] Giordano and Prudential both moved to dismiss on March 24, 2020. (D.E. 10, 11.) Plaintiff opposed on April 6, 2020, and Giordano and Prudential both provided replies on April 13, 2020. (D.E. 13-15.)[5]

## II.   LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint

---

[2] The Complaint attaches documents from the Superior Court Action which provide additional color. Namely, Plaintiff was accused of "violent outbursts" prior to his termination and was instructed not to return to Prudential pending completion of an internal investigation. (D.E. 1-1 at 8.) Plaintiff is accused of returning to the office, including after termination, refusing to leave, and repeatedly contacting Prudential employees, including Feeney and Strangfeld. (*Id.*)
[3] Giordano is no longer the prosecutor in the Superior Court Action. (*See* D.E. 11-1 at 4 n. 4.)
[4] Plaintiff filed another action before this Court on October 30, 2019, suing Prudential and several other Prudential employees for wrongful termination. This matter is captioned *Kim v. Prudential Financial et al.*, 19-CV-19594.
[5] Plaintiff filed a sur-reply in response to Defendants' replies, without seeking leave from this Court pursuant to L. Civ. R. 7.1(d)(6). (D.E. 16.) This Court will not consider this filing.

because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fail to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17–1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted). When reviewing facial attacks, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (*citing In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In contrast, with a factual attack, "a court may weigh and 'consider evidence outside the pleadings.'" *Id*. (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

A defendant may also move to dismiss a complaint for failing to state a claim under Rule 12(b)(6). An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*,

3

578 F.3d 203 (3d Cir. 2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Additionally, when considering motions to dismiss *pro se* complaints, courts will hold such complaints "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "even 'a pro se complaint must state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017).

### III. DISCUSSION

This Court will first address Giordano's motion to dismiss (D.E. 10) before addressing Prudential's motion to dismiss. (D.E. 11.)

#### A. **Defendant Giordano's Motion to Dismiss**

This Court construes Plaintiff's claims against Giordano to be brought under 42 U.S.C. § 1983 ("§ 1983") and the New Jersey Civil Rights Act, N.J. Stat. Ann. 10:6-2 ("NJCRA").[6] Plaintiff alleges that Giordano "abuse[d]" his prosecutorial power by "arbitrarily" and "maliciously" indicting and prosecuting him with "insufficient, inadequate and incomplete" evidence. (D.E. 1

---

[6] Section 1983 states, in relevant part: "Every person who, under color of [law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983. The NJCRA similarly creates a private right of action for deprivations of "any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of [New Jersey]." N.J. Stat. Ann. 10:6–2.

4

at 3-4.)[7] In moving to dismiss these claims, Giordano argues that: (1) he is entitled to immunity under the Eleventh Amendment; (2) is not a "person," as required under § 1983 and the NJCRA; and (3) is entitled to prosecutorial immunity.

i. Eleventh Amendment Immunity

Sovereign immunity under the Eleventh Amendment "'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over states that have not consented to suit." *Richardson v. New Jersey*, Civ. No. 16-135, 2019 WL 6130870, at *3 (D.N.J. Nov. 18, 2019) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir. 1996)); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98–100 (1984). This extends to "cases against state officials in their official capacities where it is shown that the state is the 'real party in interest.'" *Richardson*, 2019 WL 6130870, at *3 (quoting *Edelman v. Jordan*, 415 U.S. 651, 662 (1974)). To determine whether a suit "is actually a suit against the State itself," courts will consider factors including "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008).

New Jersey county prosecutors act as "agents of the State" when performing "law enforcement and prosecutorial functions," and are entitled to Eleventh Amendment immunity under such circumstances. *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 836-37 (3d Cir. 2009).[8] Plaintiff appears to be suing Giordano based on his actions related to prosecuting the Superior

---

[7] Plaintiff also states that Giordano "discriminat[ed] against [him] based on color and [his] national origin," but only in conclusory fashion, not alleging any facts to support or substantiate this claim. (D.E. 1 at 3-4.)

[8] There are two exceptions to a state's immunity under the Eleventh Amendment—first, where Congress has abrogated a state's sovereign immunity, and second, where the state has waived its immunity. *See Scarborough v. Court of Common Pleas of Northampton Cty.*, 794 F. App'x 238, 239 (3d Cir. 2020). Neither apply here. *See id.* (noting Congress did not abrogate state's immunity "through the enactment of § 1983"); *see also Hyatt*, 340 F. App'x at 837 (noting waiver occurs only when a state "unequivocally express[es] consent to suit in federal courts," and rejecting argument that New Jersey, via county prosecutor's office, waived its immunity through its litigation conduct).

Court Action in his official capacity, alleging that Giordano arrested and indicted Plaintiff "wrongfully," and "maliciously," prosecuted Plaintiff "arbitrarily," and did not "disclos[e]" certain surveillance videos during the pendency of the prosecution. (D.E. 1 at 3.) Based on these relatively bare allegations, this Court finds Giordano is "engag[ing] in classic law enforcement and investigative functions," opposed to "administrative tasks unrelated to their strictly prosecutorial functions," and is entitled to immunity under the Eleventh Amendment. *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013).

### ii. "Persons" Under 42 U.S.C. § 1983 and the NJCRA

To establish a claim under 42 U.S.C. § 1983, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States," and "that the alleged deprivation was committed by a person acting under color of state law." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir.1993)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," except in certain circumstances not at issue here. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This extends to "arm[s] of the State," which includes New Jersey county prosecutor's offices and prosecutors when they engage in classic law enforcement and investigative functions. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854-55 (3d Cir. 2014).

Like § 1983, the NJCRA allows a private cause of action where defendant is a "person acting under color of law." N.J. Stat. Ann. 10:6-2(c). The NJCRA is "modeled after" § 1983 and has been "repeatedly interpreted . . . analogously to § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011); *Richardson*, 2019 WL 6130870, at *7.

As noted above, Giordano, acting in his official capacity as a prosecutor for the ECPO, engaged in "classic law enforcement and investigative functions," and thus acted as an officer of the State. *Estate of Lagano*, 769 F.3d at 855; *Richardson*, 2019 WL 6130870, at *5. Therefore, Giordano is not a "person" under § 1983 or the NJCRA, and Plaintiff's claims against him, based on his actions prosecuting the Superior Court Action, fail. *See Lopez-Siguenza v. Roddy*, Civ. No. 13-2005, 2014 WL 1298300, at *7 (D.N.J. Mar. 31, 2014) (noting a New Jersey county assistant prosecutor acting in her official capacity is not a "person[] amenable to suit under the NJCRA").

    iii. Prosecutorial Immunity

Prosecutors similarly enjoy absolute immunity from lawsuits based on § 1983 for actions "undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Cresci v. Gyss*, 792 F. App'x 226, 227 (3d Cir. 2020). While this immunity does not extend to "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution," *Buckley*, 509 U.S. at 273, it applies to out-of-court conduct such as investigatory acts "to the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution itself." *Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3d Cir. 1979). These same principles apply to claims under the NJCRA, which as noted above, is modeled after § 1983. *See Richardson*, 2019 WL 6130870, at *7.

As discussed above, Plaintiff only complains of Giordano's conduct as it relates to his actions prosecuting Plaintiff in the Superior Court Action. (*See* D.E. 1 at 3-4.) As such, Giordano is also entitled to absolute prosecutorial immunity under both federal and state law. *See Hyatt*,

340 F. App'x at 837 (noting absolute prosecutorial immunity from suits under § 1983 for "carrying out prosecutorial functions," including "charging and indicting").

### B. Defendant Prudential's Motion to Dismiss

This Court construes Plaintiff's claims against the Prudential Defendants to be brought under § 1983. To state a § 1983 claim against private entities, such as the Prudential Defendants, Plaintiff must show, as a threshold issue, that these entities "acted under color of law." *Williams v. City of Millville*, Civ. No. 12-7540, 2013 WL 6175538, at *2 (D.N.J. Nov. 22, 2013). There is no "simple line between state and private actors," and the "principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks omitted).[9]

The Complaint only alleges that the Prudential Defendants accused him "maliciously" and "false[ly]," leading to his allegedly wrongful arrest and prosecution. (D.E. 1 at 3-4.) Alleging that a private party contacted the "police about suspected criminal behavior does not convert a private individual into a state actor for purposes of § 1983 liability," including where plaintiff alleges he "did not commit the actual crime," and the private party allegedly knew its accusation was false. *Williams*, 2013 WL 6175538, at *2-3; *see also Bailey v. Harleysville Nat'l Bank & Tr.*, 188 F. App'x 66, 68 (3d Cir. 2006) (affirming denial of § 1983 claim at summary judgment, finding "a business's summons of a police officer to deal with a possible disturbance, does not make it a state

---

[9] There are three broad tests to analyze this: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach*, 589 F.3d at 646 (internal quotation marks omitted).

actor," where no "conspiracy with the police to violate constitutional rights" is alleged)[10]; *Palmerini v. Burgos*, Civ. No. 10-210, 2011 WL 3625104, at *6-7 (D.N.J. Aug. 15, 2011).[11]

Therefore, as pleaded, the Complaint fails to state a claim against the Prudential Defendants.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. An appropriate Order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
            Parties

---

[10] To the extent the Complaint alludes to a conspiracy between the Prudential Defendants and ECPO or Giordano in alleging "adhesion" between the two (D.E. 3 at 4), such conclusory allegations of conspiracy are insufficient. *See Simmer v. Kehler*, Civ. No. 15-2285, 2015 WL 6737017, at *3-4 (D.N.J. Nov. 2, 2015).

[11] This Court does not comment on whether Plaintiff has recourse under state law for which this Court would not independently have jurisdiction. This Court further notes that a malicious prosecution claim under § 1983 requires that the "criminal proceeding ended in plaintiff's favor." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). To the extent Plaintiff accuses Giordano and/or the Prudential Defendants of malicious prosecution, Plaintiff fails to satisfy this element, as the Superior Court Action appears to be pending. The Court also notes that to the extent Plaintiff alleges any wrongful termination claims here, this Court will address these in Plaintiff's other matter before this Court, *Kim v. Prudential Financial et al.*, 19-CV-19594.